JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

MARIA DE LA LUZ AGUILAR,

        **Plaintiff,**

   **v.**

WALMART INC., STEVEN AVELAR, EVELYN LYVIA LOHNIG, and DOES 1-25, inclusive,

        **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.: SACV 23-00685-CJC (DFMx)**

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 10]**

## I.      INTRODUCTION & BACKGROUND

Plaintiff Maria de la Luz Aguilar slipped and fell on fruit on the floor of a Walmart store in La Palma, California.  (Dkt. 1-1 [Complaint] at 4.)  In this products liability and premises liability case filed in state court, she alleges Defendants Walmart Inc. ("Walmart") and its employees Steven Avelar and Evelyn Lyvia Lohnig were negligent because they failed to adequately maintain, manage, and operate the Walmart store.  (*Id.*

at 1–5.)  As damages, Plaintiff seeks wage loss, hospital and medical expenses, general damage, and loss of earning capacity.  (*Id.* ¶ 11.)  Consistent with California law, the Complaint does not specify a particular amount of damages, instead reflecting only that Plaintiff seeks more than $25,000.  (*Id.* at 1); *see* Cal. Code Civ. Proc. § 425.10(b) (providing "the amount demanded shall not be stated" in a complaint "where an action is brought to recover actual or punitive damages for personal injury").  However, along with the Complaint, Plaintiff served Walmart with a statement of damages indicating that she seeks $3 million in damages for pain, suffering, and inconvenience, $1,976,490 in damages for emotional distress, and $23,510 in damages for medical expenses.  (Dkt. 1-2.)  Walmart removed the case to this Court, arguing that the statement of damages reflects an amount in controversy over $75,000 and that there is complete diversity because Avelar and Lohnig were fraudulently joined.  (Dkt. 1 [Notice of Removal, hereinafter "NOR"].)  Now before the Court is Plaintiff's motion to remand. (Dkt. 11 [hereinafter "Mot."].)  For the following reasons, Plaintiff's motion is **GRANTED**.[1]

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (cleaned up).  A defendant may remove to federal district court a civil action brought in state court over which a federal court may exercise original jurisdiction.  28 U.S.C. § 1441(a).  By statute, federal courts have diversity jurisdiction over suits when more than $75,000 is in controversy if the citizenship of each plaintiff is different from that of each defendant.  28 U.S.C. § 1332(a).  The burden of establishing subject matter

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for June 26, 2023 at 1:30 p.m. is hereby vacated and off calendar.

jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*  If a court determines that it lacks subject matter jurisdiction at any time before final judgment, the action must be remanded to state court.  28 U.S.C. § 1447(c).

## III.   ANALYSIS

When a state court complaint does not state an amount in controversy, a defendant seeking to remove the case must prove "by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).  "In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

To carry its burden to show by a preponderance of the evidence that $75,000 is at issue, Walmart relies exclusively on Plaintiff's statement of damages.  (*See* NOR at 3–5.) A statement of damages is relevant evidence regarding the amount in controversy if it appears to reflect "a reasonable estimate of the plaintiff's claim." *Schroeder v. PetSmart, Inc.*, 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019); *see Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (same regarding a settlement letter).  However, a statement of damages does not establish the amount in controversy when "it appears to be only a bold optimistic prediction." *Schroeder*, 2019 WL 1895573, at *2.  Accordingly, even when a plaintiff presents a statement of damages seeking more than $75,000, the statement is not sufficient to carry the defendant's burden on the amount in controversy

1    requirement if there is not support for the estimate in the complaint or notice of removal.

2    *Ortiz v. Costco Wholesale Corp.*, 2019 WL 3183675, at *2–3 (S.D. Cal. July 16, 2019).

3

4       Here, except for the $23,510 Plaintiff seeks in medical expenses, the amounts

5    reflected in the statement of damages are completely speculative, and "only a bold

6    optimistic prediction." *Schroeder*, 2019 WL 1895573, at *2; *see Ortiz*, 2019 WL

7    3183675, at *2; *Mozingo v. Japan Airlines Co.*, 2020 WL 2092913, at *2 (S.D. Cal. May

8    1, 2020) (remanding case related to a slip and fall when "[a]side from the $15,000 for

9    past medical services, Plaintiff's calculation "is entirely conclusory, providing no

10    information that indicates it is a realistic assessment of damages, or that it is based on

11    facts that could be proved at trial," and "appears to be nothing more than a bold

12    optimistic conclusion that is not sufficient to carry [the defendant]'s burden of proving

13    the amount in controversy") (cleaned up).

14

15       Plaintiff's counsel confirms that the statement of damages reflects "merely an

16    estimate of the *potential* damages in the State Court Action and was listed out of a[n]

17    abundance of caution to provide the Defendants with notice of the *potential* severity of

18    the lawsuit." (Mot. at 7) (emphases in original); *cf. Cohn v. Petsmart, Inc.*, 281 F.3d 837,

19    840 (9th Cir. 2002) ("Cohn could have argued that the demand was inflated and not an

20    honest assessment of damages, but he made no attempt to disavow his letter or offer

21    contrary evidence."). Indeed, Plaintiff's counsel has not even reviewed security footage

22    from the slip and fall, and therefore lacks full information about "the nature/severity of

23    the fall, [or] the circumstances surrounding the fall." (Mot. at 7.) In situations such as

24    this, "where a plaintiff takes steps to disavow a damages estimate, the estimate, standing

25    alone, is insufficient to show that the requisite amount has been met." *Amirkhanian v.*

26    *Costco Wholesale Corp.*, 2020 WL 4747612, at *4 (C.D. Cal. Aug. 17, 2020) (granting

27    motion to remand slip and fall case); *see Schroeder*, 2019 WL 1895573, at *2 (remanding

28    slip-and-fall action removed on basis of plaintiff's statement of damages which "cite[d]

no facts to explain how plaintiff determined the $4,500,000 amount" and was "simply a bold optimistic prediction") (cleaned up).

Walmart has not submitted any other evidence to show that the amount in controversy requirement is met.  Although it vaguely alludes to "the serious nature of the injuries Plaintiff allegedly sustained while a customer in one of Defendant's retail stores," (NOR at 4), it does not cite any statement or description of those injuries, and the Court has not found one.  Walmart has therefore failed to carry its burden to show the amount in controversy.[2]

**IV.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this case to Orange County Superior Court.

DATED:     June 21, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also argues there is not complete diversity of citizenship, noting that like Plaintiff, Avelar and Lohnig appear to be California citizens.  However, Plaintiff never addresses Walmart's arguments that Avelar and Lohnig are fraudulently joined.  With its Notice of Removal, Walmart filed a declaration from Avelar explaining that, as confirmed by the store's management schedule, he was not working the day of the incident and did not witness it, respond to it, or investigate it.  (Dkt. 1-5.)  Walmart also filed a declaration from Lohnig explaining that she has not worked at the La Habra store where the incident took place since June 2021, nearly a year before the incident.  (Dkt. 1-6.)  Plaintiff did not address these declarations or Walmart's fraudulent joinder arguments in her motion for remand, and she chose not to file a reply.  She has therefore waived any argument that these parties were not fraudulently joined.  *See Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016).